FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FORREST ARTHUR BEGGS,<br><br>                Petitioner,<br><br>    v.<br><br>DEAN MASON,<br><br>                Respondent. | 1:24-cv-03002-SAB<br><br>**ORDER DISMISSING ACTION** |

      By Order filed February 16, 2024, the Court directed Petitioner Forrest Arthur Beggs to show cause why his *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred under 28 U.S.C. § 2244(d). ECF No. 4. Petitioner is a prisoner currently housed at the Washington Corrections Center in Shelton, Washington. The filing fee has been paid. Respondent has not been served.

      On March 14, 2024, the Court granted Petitioner additional time to show cause, extending his deadline until April 19, 2024. ECF No. 6. Petitioner did not file a Response to the Order to Show Cause by this extended deadline, but on April 22, 2024, the Court received via the U.S. Postal Service Petitioner's "Notice In Re: DOC law library Motion for Extension of Time," which the Court construes as Petitioner's Second Motion for Extension of Time. ECF No. 7.

ORDER DISMISING ACTION # 1

On that same date, the Court received Petitioner's Response to the Order to Show Cause, and another electronically filed "Notice In Re: DOC law library Motion for Extension of Time." ECF Nos. 9 and 10. Based on Petitioner's explanation of his efforts to submit his Response electronically, *see* ECF No. 7 at 1–2, the Court considers the Response to be timely filed. Therefore, Petitioner's construed Motions for Extension of Time, ECF Nos. 7 and 10, are **DENIED as moot.** Petitioner is still reminded of the requirement that he submit his documents electronically.

In the Order to Show Cause, the Court specifically noted that Petitioner failed to provide relevant information regarding any Personal Restraint Petition ("PRP") he may have filed in state court. ECF No. 4 at 2–3. After review of Petitioner's submissions, including his 20-page Response and his 75 pages of exhibits, ECF No. 9, the Court finds that Petitioner has still failed to provide any information regarding state court PRPs that might have statutorily tolled the federal limitations period under 28 U.S.C. § 2244(d)(2). Consequently, Petitioner has failed to demonstrate that his federal habeas corpus petition was timely filed on January 11, 2024.

Petitioner states that his judgment and sentence for unspecified offenses was entered on October 28, 2021, and he received an exceptional sentence of 300 months. ECF No. 9 at 2. Petitioner states that he filed a *pro se* Notice of Appeal on October 27, 2022, that was dismissed as untimely on April 12, 2023, with a mandate issuing on May 18, 2023. *Id.* Although Petitioner does not state that he filed a PRP or when he did so, he indicates that the Court of Appeals dismissed a PRP on May 1, 2023. *Id.* at 3. He states that his attorney filed a Motion for Discretionary Review to the Washington State Supreme Court on May 30, 2023, and a Motion to Modify Ruling Denying Review on July 6, 2023. *Id.* Petitioner does not state the disposition of the Motion to Modify, but the attached Certificate of Finality for Washington State Court of Appeals, Division III, case No. 39314-3-

ORDER DISMISING ACTION # 2

III, indicates the Order Dismissing Personal Restraint Petition, filed on May 1, 2023, became final on September 6, 2023. ECF No. 9-1 at 50.

Again, Petitioner provides no information from which the Court could infer that this PRP was filed at any time prior to November 29, 2022, so that it might statutorily toll the federal limitations period under 28 U.S.C. § 2244(d)(2). A review of state court records[1], however, indicates that Mr. Beggs' PRP, case No. 39314-3-III was filed on October 28, 2022.

This Court assumes the federal limitations period commenced on November 29, 2021, based on Petitioner's failure to appeal his judgment and sentence, and his failure to present a statutory basis to delay the running of the limitations period. *See* ECF No. 4 at 3; 28 U.S.C. § 2244(d)(1). Consequently, by October 28, 2022, 332 days of the federal limitations period had expired, leaving Petitioner only 33 days to file a federal habeas corpus petition after his state court collateral proceedings concluded. Even if the Court were to consider September 6, 2023, as the conclusion of those proceedings, the federal limitations period would have expired on or about October 9, 2023. Therefore, the petition filed on January 11, 2024, ECF No. 1, is untimely by more than three months. Petitioner's additional arguments, ECF No. 9 at 2–19, are not relevant in light of his failure to demonstrate that his federal habeas corpus petition was timely filed.

In an apparent attempt to invoke equitable tolling, Petitioner asserts that his trial counsel was responsible to file an appropriate notice of appeal. ECF No. 9 at 6. Petitioner appears to claim that he diligently pursued his rights by hiring a private investigator and expressing that he intended to file a notice of appeal and he hired a lawyer to represent him. *Id.* at 7. Yet, Petitioner still fails to state what prevented him from filing his notice of appeal by November 27, 2021, or his

---

[1] *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (noting it is appropriate to take judicial notice of materials from another tribunal).

ORDER DISMISING ACTION # 3

1 federal habeas corpus petition by October 9, 2023. Petitioner seems to indicate that
2 he filed complaints against his attorney with the Washington State Bar in
3 December 2023 and January 2024. *Id.* at 8. Nevertheless, this does not excuse his
4 failure to timely file his federal habeas corpus petition.
5      "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has
6 been pursuing his rights diligently, and (2) that some extraordinary circumstance
7 stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631,
8 649 (2010) (internal quotation marks omitted). Petitioner must show that some
9 "external force" caused his untimeliness, rather than mere "oversight,
10 miscalculation or negligence." *WaldronBRamsey v. Pacholke*, 556 F.3d 1008, 1011
11 (9th Cir. 2009) (internal quotation marks omitted). In other words, Petitioner must
12 have been delayed by circumstances "beyond[his] direct control," and not by his or
13 his counsel's "own mistake." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir.
14 2008). Here, Petitioner asserts that his trial counsel should be faulted for not filing
15 a timely notice of appeal. Nevertheless, this does not constitute an extraordinary
16 circumstance that prevented him from timely filing his federal habeas corpus
17 petition. *Id.* at 1055.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

ORDER DISMISING ACTION # 4

Accordingly, **IT IS ORDERED**:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED with prejudice** as time barred under 28 U.S.C. § 2244(d).

2. Petitioner's construed Motions for Extension of Time, ECF Nos. 7 and 10, are **DENIED as moot.**

3. The Court certifies there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** this file.

**DATED** this 29th day of April 2024.



_____
Stanley A. Bastian
Chief United States District Judge

ORDER DISMISING ACTION # 5